UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Treva Kirkbride, *as Trustee of the R and K Trust, on behalf of herself and a class of similarly situated persons*,**

   **Plaintiff,**

v.

**Antero Resources Corporation,**

   **Defendant.**

Case No. 2:22-cv-2251

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Antero Resources Corporation ("Defendant") moves to dismiss Treva Kirkbride's ("Plaintiff") Complaint. ECF No. 26. For the following reasons, Defendant's motion is **GRANTED**.

### I.   FACTS[1]

In 1988, Mr. and Mrs. Roe and Oxford Oil Company entered into an oil and gas lease (the "Lease") for property the Roes owned in Noble County, Ohio. Sec. Amend. Compl. ¶ 6, ECF No. 19. Through a series of assignments, the R and K Trust, of which Plaintiff is the sole trustee, became the sole owner of the

---

[1] The Court accepts Plaintiff's factual allegations as true for the purposes of Defendant's motion.

lessor interest in the Lease, and Defendant became the sole owner of the lessee interest. *Id.* ¶¶ 6–8.

Two of the relevant provisions of the Lease, as amended in 2014, require Defendant to make certain royalty payments to the lessor. *Id.* ¶ 7. Those provisions read as follows:

> Royalty: In consideration of the premises, the said parties covenant and agree as follows: Lessee shall deliver to the credit of Lessor, in tanks or pipelines, free of all costs and expenses except taxes applicable thereto, a royalty of fifteen percent (15%) of the oil produced. Lessor shall receive on a monthly basis, as a royalty, fifteen percent (15%) of the proceeds realized at the well from the sale of all gas marketed from the premises. Lessee shall have the option to make such payments on a quarterly basis if such monthly net royalty proceeds are less than $100.
>
> Cost Free Royalty: It is agreed between the Lessor and the Lessee that, notwithstanding any language herein to the contrary, **all royalties** for oil, gas, or other production accruing to the Lessor under this Lease **shall be paid without deduction, directly or indirectly, for the costs or expenses of Lessee relating to producing, gathering, storing, separating, treating, dehydrating, compressing, processing, transporting, and marketing the oil, gas and other products produced hereunder**.

*Id.* (emphasis added).

Plaintiff, on behalf of the R and K Trust, asserts an individual and class-wide breach-of-contract claim against Defendant. *Id.* ¶¶ 10–28. Specifically, Plaintiff alleges that Defendant miscalculated the royalty payments by improperly deducting certain costs, which resulted in consistent underpayment of royalties to Plaintiff and other potential class members. *Id.* ¶ 13. Plaintiff further alleges that she and other class members have fulfilled their contractual obligations. *Id.* ¶ 28.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion to dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. ANALYSIS

Defendant moves to dismiss the Complaint for two reasons: (1) Plaintiff failed to comply with a condition precedent; and (2) the Complaint lacks sufficient specific factual allegations to support a claim for relief. Mot., ECF No. 26.

### A. Condition Precedent

Defendant argues that Plaintiff failed to allege compliance with a pre-suit notice provision of the Lease and that compliance with that provision is a condition precedent to recovery in this action. Mot. 5–7, ECF No. 26. Plaintiff responds that service of the original Complaint can be considered adequate notice to satisfy the condition precedent, even if it did not technically comply with the Lease's provision. Resp. 4–8, ECF No. 31.

The parties do not seem to dispute, and the Court finds, that the Lease required Plaintiff to provide Defendant with pre-suit notice of any alleged failures to comply with Defendant's obligations under the Lease. See Lease, ECF No. 26-1, at PAGEID # 121; see also Au Rustproofing Ctr., Inc. v. Gulf Oil Corp., 755 F.2d 1231, 1237 (6th Cir. 1985) ("A right of action requiring notice as a condition precedent cannot be enforced unless the notice provided for has been given."). The question before the Court at this juncture is whether the operative Complaint sufficiently alleges Plaintiff's compliance with this condition precedent.

The question is governed by Federal Rule of Civil Procedure 9(c). Rule 9(c) provides special pleading requirements for conditions precedent. Rule 9(c) reads as follows:

> **Conditions Precedent.** In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

Here, then, as long as Plaintiff *generally* alleges that all conditions precedent have been satisfied, she satisfies Rule 9(c). Fed. R. Civ. P. 9(c). Defendant has the burden, at least at the pleading stage, to provide further details about what Plaintiff has allegedly failed to do.[2] *Id.*

The question for this case is what, exactly, a plaintiff must include in a complaint to sufficiently "allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c).

Examples of the types of allegations that can satisfy a plaintiff's Rule 9(c) burden to "allege generally" range from allegations about specific actions taken to fulfill the conditions precedent, see *Brown Fam. Tr., LLC*, 2014 WL 617668, at *3 (concluding the defendant sufficiently alleged compliance with a condition precedent in a counterclaim where it "specifically allege[d] that [the plaintiff] denied its obligation to replace the roof and that [the defendant] exercised the self-help measures under the Lease."); to "general averment[s] that all conditions precedent have been satisfied," *Kavouras v. Allstate Ins. Co.*, No. 1:08 CV 571, 2008 WL 11380216, at *4 (N.D. Ohio Dec. 3, 2008); to broad allegations that the

---

[2] There is some debate over which party has the burden of *proof* for conditions precedent. *See, e.g., First Tenn. Bank Nat. Ass'n v. Barreto*, 268 F.3d 319, 327, n. 6 (6th Cir. 2001) (discussing different jurisdictions' treatment of the burden of proof for conditions precedent). However, Rule 9(c) unquestionably "imposes a *pleading* burden" on the party arguing that a condition precedent has not been met. *Id.* (emphasis in original).

claimant performed its obligations under the contract and "complied with all of [the contract's] terms and conditions," *Richissin v. Rushmore Loan Mgmt. Servs., LLC*, No. 20 CV 871, 2020 WL 7024848, at *2 (N.D. Ohio Nov. 30, 2020).

Plaintiff does not satisfy her low burden under Rule 9(c). In the operative Complaint, Plaintiff alleges that "[n]one of the Class members or [Plaintiff] has materially breached an obligation, if any, which such person may have to Antero under [the Lease]." Sec. Amend. Compl. ¶ 28, ECF No. 19. To say one has "not materially breached" any obligation of a contract is meaningfully different than saying that one has complied with all the conditions under the contract. Compare Sec. Amend. Compl. ¶ 28, ECF No. 19 *with Richissin*, 2020 WL 7024848, at *2 ("The Court finds that plaintiffs' allegation that they have complied with all conditions to the contract satisfies the pleading requirements set forth in Rule 9(c).") and Moore's Federal Practice—Civil § 9.04 (2022) (explaining that a "for a contract claim, it is sufficient that the pleader . . . simply alleges that the claimant . . . 'has at all times performed all its proper and legitimate duties and obligations under its contract'"). So, Plaintiff has not adequately alleged compliance with conditions precedent.

However, if a claimant fails to sufficiently allege general fulfillment of conditions precedent, "a district court is within its discretion to allow an amendment to the complaint, which would provide a plaintiff the opportunity to rectify the omission." *Arch Wood Prot., Inc.*, 932 F. Supp. 2d at 870 (citing cases). Given that Plaintiff would need to make only minor changes to the

wording of her Complaint, the Court finds it appropriate to give her leave to do so.

## IV. CONCLUSION

For these reasons, Defendant's motion, ECF No. 26, is **GRANTED**.

if Plaintiff may properly do so, she is **ORDERED** to file a Third Amended Complaint **WITHIN FOURTEEN DAYS** that addresses the deficiency outlined above. No extensions of time shall be given. Plaintiff is **CAUTIONED** that failure to file such an amended complaint will result in the Court dismissing her Second Amended Complaint without prejudice for failure to state a claim.

The Clerk is **DIRECTED** to terminate ECF Nos. 26.

**IT IS SO ORDERED.**

*[Signature]*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**