## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Treva Kirkbride,** *on behalf of*
*herself and a class of similarly*
*situated persons*,

                **Plaintiff,**

        **v.**

**Antero Resources Corporation,**

        **Defendant.**

Case No. 2:22-cv-2251

**Judge Michael H. Watson**

**Magistrate Judge Deavers**

### <u>OPINION AND ORDER</u>

Antero Resources Corporation ("Defendant") moves to dismiss Treva

Kirkbride's ("Plaintiff") Third Amended Complaint. ECF No. 37. For the following

reasons, the motion is **GRANTED**.

### I.      FACTS[1]

In 1988, Mr. and Mrs. Roe and Oxford Oil Company entered into an oil and

gas lease (the "Lease") for property the Roes owned in Noble County, Ohio.

Third Amend. Compl. ¶ 6, ECF No. 36. Through a series of assignments, the R

and K Trust, of which Plaintiff is the sole trustee, became the sole owner of the

lessor interest in the Lease, and Defendant became the sole owner of the lessee

interest. *Id.* ¶¶ 6–8.

---

[1] The Court accepts Plaintiff's factual allegations as true for the purposes of Defendant's
motion. *Warner v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022).

The Lease, as amended in 2014, requires Defendant to make certain royalty payments to Plaintiff. *Id.* ¶ 7. The Lease also requires Plaintiff to provide Defendant with pre-suit notice of any alleged failures to comply with Defendant's obligations under the Lease (the "Notice Requirement"). *See* Lease, ECF No. 26-1, at PAGEID # 121. The Lease further provides that the "service of said notice shall be a condition precedent to the commencement of any action by [Plaintiff] for breach of any obligation or covenant hereunder and no such action shall be commenced before ninety days from [Defendant's] receipt of written notice." *Id.*

In this action, Plaintiff, on behalf of the R and K Trust, asserts an individual and class-wide breach-of-contract claim against Defendant. Third Amend. Compl. ¶¶ 10–28, ECF No. 36. Plaintiff alleges that she satisfied the pre-suit Notice Requirement when she served the original Complaint on Defendant in June 2022. *Id.* ¶ 18.

## II.    STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that

discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556.

A pleading's "[f]actual allegations must be enough to raise a right to relief above

the speculative level, on the assumption that all the allegations in the [pleading]

are true (even if doubtful in fact)." *Id*. at 555 (internal citations omitted).  At the

motion to dismiss stage, a district court must "construe the complaint in the light

most favorable to the plaintiff, accept its allegations as true, and draw all

reasonable inferences in favor of the plaintiff." *Warner*, 27 F.4th at 466 (internal

quotation marks and citations omitted).  However, the non-moving party must

provide "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III.    ANALYSIS

Defendant moves to dismiss the Third Amended Complaint because

Plaintiff has failed to comply with the Notice Requirement, a condition precedent

to any suit.  ECF No. 37.  Defendant also moves to dismiss the Third Amended

Complaint for failure to state a claim.  *Id*.   Because the Court agrees that Plaintiff

failed to satisfy a condition precedent, it does not address Defendant's other

arguments.

Plaintiff alleges that she adequately complied with the Notice Requirement

when she served Defendant with the original Complaint.  Third Amend. Compl.

¶ 18, ECF No. 36.  Plaintiff argues that she served Defendant with the Complaint

on June 1, 2022, and that more than 90 days have elapsed since service.  Resp.

5–10, ECF No. 38.  Thus, according to Plaintiff, Defendant had actual notice of

the alleged breach at least ninety days before the filing of Plaintiff's response to the motion to dismiss and, therefore, Plaintiff satisfied the Notice Requirement. *Id*.

Under Ohio law, "a party must comply with all express conditions to be performed in case of breach before it can claim damages by reason of the breach." *Au Rustproofing Ctr., Inc. v. Gulf Oil Corp.*, 755 F.2d 1231, 1237 (6th Cir. 1985) (citing Ohio law). If a contract requires a party to give pre-suit notice of an alleged breach of that contract, and the party fails to give such notice, dismissal is appropriate. *See id*. ("A right of action requiring notice as a condition precedent cannot be enforced unless the notice provided for has been given." (citations omitted)); *see also CH Liquidation Ass'n Liquidation Tr. v. Genesis Healthcare Sys.*, No. 5:18 CV 752, 2019 WL 13150910, at *5 (N.D. Ohio Mar. 22, 2019) (dismissing a breach of contract claim when the plaintiff failed to comply with its contractual notice requirement).

Here, there is no question that the Lease required pre-suit notice. *See* Lease, ECF No. 26-1 at PAGEID # 121. Likewise, there is no question that Plaintiff did not provide any notice to Defendant of the alleged breaches until after she commenced this action. *Compare* Third Amend. Compl. ¶ 18, ECF No. 36 *with* ECF No. 1. Thus, Plaintiff failed to comply with the Notice Requirement, and her claims must be dismissed.

Plaintiff asserts two arguments against this conclusion. First, Plaintiff argues that claims should not be dismissed for a mere technical non-compliance

with a contractual notice requirement. Resp. 5–10, ECF No. 38. Even accepting that proposition of law as true, however, it is inapplicable here. Here, Plaintiff did not have a mere technical noncompliance with the Notice Requirement. Instead, Plaintiff had a wholesale failure to comply with—or even attempt to comply with—the Notice Requirement. Thus, Plaintiff's argument that technical non-compliance should be excused is unpersuasive.

Next, Plaintiff argues that at least one Ohio appellate court has considered the service of a complaint to satisfy the at-issue notice requirements. *See Northfield Park Assocs. v. Ne. Ohio Harness*, 521 N.E.2d 466 (Ohio Ct. App. 1987). As an initial matter, the Court is not convinced that *Northfield Park* held that service of a complaint *alone* satisfies notice requirements; the case discusses "numerous" verbal and written notices of alleged wrongful conduct prior to the lawsuit. *Id.* at 473.

In any event, even taking Plaintiff's reading of *Northfield Park* as correct, Plaintiff's reliance on that case is still misplaced. As discussed above, the Lease expressly requires *pre-suit* notice. Plaintiff filed suit on May 24, 2022, but she did not serve the Complaint on Defendant until June 1, 2022. Thus, as the Complaint was served on Defendant *after* Plaintiff initiated this action, by definition, it cannot be *pre-suit* notice. The fact that a different court, considering a different contract, and applying that contract to different facts, concluded that service of a complaint satisfied the notice requirement does not, in this case,

negate the plain language of the Lease or Plaintiff's failure to comply with the same.

In sum, it is clear from the face of the Third Amended Complaint that Plaintiff did not comply with a condition precedent to suit.  As such, Plaintiff's breach of contract claim fails.

## IV.    CONCLUSION

For these reasons, Defendant's motion is **GRANTED**.  The Third Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.  The status conference scheduled for May 25, 2023 is **VACATED**.

The Clerk shall enter judgment for Defendant and close the case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**